UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 16-193 (WMW/FLN)

        Plaintiff,

        v.                                              **REPORT AND**
                                        **RECOMMENDATION**

Ronald David Johnson,

        Defendant.
_____

David Steinkamp, Assistant United States Attorney, for Plaintiff.
Aaron Morrison for Defendant Ronald David Johnson.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November

22, 2016 on Defendant Ronald David Johnson's pretrial suppression motions (ECF Nos. 16 and 17).

This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1. At the hearing, the Government offered testimony from FBI Special

Agent Christopher Lester, and entered five exhibits into evidence.[1] For the reasons that follow, the

Court recommends that Johnson's motions be **DENIED**.

## I. FINDINGS OF FACT

Johnson was charged with five counts of wire fraud and one count of money laundering on

July 21, 2016. Indictment, ECF No. 1. He filed the present motions seeking to suppress evidence

---

[1]     The Government's exhibit A is an FBI consent to search form, signed on March 22, 2016; exhibit D is an application for and exhibit B is a search warrant for a business at 8xxx Endicott Avenue NW in Maple Lake, MN, signed on March 18, 2016; exhibit E is an application for and exhibit C is a search warrant for a single family home at 8xxx Trail Haven Road in Corcorcan, MN, signed on March 18, 2016. *See* Exhibit and Witness List, ECF No. 34.

obtained during alleged illegal searches of his residence, business, and GMC truck. Mot to Suppress Search of GMC Truck, ECF No. 16; Mot. to Suppress Searches, ECF No. 17.

On March 22, 2016, the Government simultaneously executed two search warrants of Johnson's business and residence. Gov't Exs. B–E. Both search warrants were signed on March 18, 2016, by United States Magistrate Judge Hildy Bowbeer in the United States District Court for the District of Minnesota. *Id.* The search of Johnson's business was lead by FBI Special Agent Christopher Lester, who testified during the November 22, 2016 hearing. During the search of Johnson's business, Johnson signed a consent to search form for his GMC Sierra Crew Cab, license plate 3xxxxxx. Gov't Ex. A. In signing the form, Johnson acknowledged that: (1) he gave the FBI permission to search the truck, (2) he had been advised of his right to refuse consent, (3) his permission was being given voluntarily, and (4) he authorized the agents to seize any items which they determined were related to their investigation. *Id.*

## II. CONCLUSIONS OF LAW

### A.    Search Warrants (ECF No. 17)

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Johnson challenges the validity of the search warrants to search his business and residence, arguing that they were conducted without the constitutionally required probable cause. ECF No. 17. Assuming without deciding that the search warrants lacked requisite probable cause, the Court concludes that the evidence is nonetheless admissible under the good-faith exception to

the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). *See also*

*United States v. Clay*, 646 F.3d 1124 (8th Cir. 2011) ("[T]he exclusionary rule should not be applied

so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search

warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be

invalid." (citing *Leon*, 468 U.S. at 900)). The Eighth Circuit has outlined four situations where an

officer's reliance on a warrant would be unreasonable: (1) the officer included information in the

affidavit that he knew was false or would have known was false except for his reckless disregard of

the truth; (2) the affidavit is so lacking in probable cause that it is objectively unreasonable for the

officer to rely on it; (3) the judge failed to act in a neutral and detached manner; or (4) the warrant

is so facially deficient that the officer cannot reasonably presume the warrant to be valid. *United*

*States v. Phillips*, 88 F.3d 582, 586 (8th Cir. 1996) (citing *Leon*, 468 U.S. at 922). None of these

situations are applicable here.

In her thirty page affidavit in support of both warrants, IRS Special Agent Julie Barrows

extensively outlines on the basis of victim testimony, bank records, records obtained from the

Minnesota Secretary of State, and evidence recovered during a trash pull, that the address of

Johnson's business was the registered office of Indoor RV Park, LLC ("IRVPK") and the address

of Johnson's residence was the registered address of RDJ Companies, LLC, where he also received

mail addressed to IRVPK. Gov't Exs. D and E. These businesses were believed to be fraudulent and

were being investigated by the IRS. *Id.* The Court concludes that this is not a situation where the

supporting affidavits were so bereft of factual support that it would be objectively unreasonable for

a law enforcement officer to rely on it. *See United States v. Herron*, 215 F.3d 812 (8th Cir. 2000)

(concluding that the good-faith exception did not apply where the affidavit at issue contained no

3

facts that the defendant was involved in marijuana activities or that such activities were occurring on the premises searched). The record is devoid of any indication that the officers' reliance on the warrants was unreasonable under *Leon*. Additionally, there is nothing in the record that suggests, nor does Johnson argue, that Special Agent Barrows included false information in the affidavit, that the judge failed to act in a neutral manner, or that the warrant was facially deficient. Therefore, to the extent Johnson's motion seeks to suppress evidence obtained pursuant to warrants authorizing the search of 8xxx Endicott Avenue NW, Maple Lake, Minnesota and 8xxx Trail Haven Road, Corcoran, MN the motion must be denied.

**B.      Consent to Search of GMC Truck (ECF No. 16)**

Johnson contends that even though he signed the consent to search form for his GMC truck, he did not voluntarily consent and the search violated his Fourth Amendment rights. Mem. in Supp. of Mot. to Suppress Search and Seizure of Items in a GMC Truck, ECF No. 35.

"When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968). Consent is involuntary when "under all the circumstances it . . . appear[s] that the consent was . . . granted only in submission to a claim of lawful authority." *United States v. Larson*, 978 F.2d 1021, 1023 (8th Cir. 1992) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 233 (1973)). However, "[w]hen a person consents to a search after officers state they will attempt to obtain a warrant if the person does not consent, the consent is not necessarily coerced." *Id.* at 1024.

Johnson admits that "he was clearly capable of providing knowing and voluntary consent . . . [and] concedes, that the signed consent form draws heavily in the Government's favor." ECF

No. 35 at 3. However, Johnson argues that because he was (1) presented with a search warrant, (2) detained, (3) unable to communicate with anyone, and (4) told that regardless of whether or not he consented, a warrant would be obtained to search the vehicle, the Court should conclude that "Defendant's consent to search, when examined under the totality of circumstances, is nothing more than acquiescence to Government authority." *Id.* The Court disagrees.

In *United States v. Bearden*, the Eighth Circuit held that although handcuffed for over fifteen minutes, placed in the back of a squad car, not advised of his rights, and consent was given in a secluded wooded area, Bearden voluntarily allowed officers to search his home. 780 F.3d 887, 895 (8th Cir. 2015). Specifically the Eighth Circuit focused on the fact that Bearden had not been "threatened, punished, intimidated, or promised anything for his consent." *Id.* Additionally, consent to a vehicle search was held to be voluntary where a suspect was taken into an interrogation room, questioned for thirty minutes, confessed to a crime, and then repeated his confession on an audio tape before providing officers with his consent. *U.S. v. Martin*, 28 F.3d 742, 743–44 (8th Cir. 1994); *see also U.S. v. Beasley*, 688 F.3d 523, 531 (8th Cir. 2012); *U.S. v. Mancias*, 350 F.3d 800, 806 (8th Cir. 2003); *U.S. v. Armstrong*, 16 F.3d 289 (8th Cir. 1994); *U.S. v. Chaidez*, 906 F.2d 377, 381 (8th Cir. 1990).

In *United States v. Golinveaux*, a petite fifty-year-old woman with the educational level of a thirteen year old was held to have voluntarily consented to a vehicle search although she was surrounded by large, male officers and detained for thirty-eight minutes in a Wal-Mart loss prevention office while being lectured by an officer for twenty-three minutes before giving her consent. 611 F.3d 956, 959–60 (8th Cir. 2010). The Eighth Circuit again focused on the fact that while:

the environment in which she gave consent may have been intimidating . . . [s]he was

not physically restrained. The officers made no promises or misrepresentations to Golinveaux. The magistrate judge pointed out that although there was no evidence Golinveaux was directly threatened, physically intimidated, or punished, she may have been physically intimidated because the officers and Wal-Mart employee or employees were all male and standing during the interview, and Golinveaux was slight, seated, and female.

*Id.* Under these conditions, the Eighth Circuit concluded that the environment in which Golinveaux consented was not unduly coercive and her consent was voluntary.

Here, although Johnson was being watched by deputies while on the property, did not have access to a phone, and was told that a warrant would be sought whether or not he consented to a search of his truck—which was also his only mode of transportation off of the property—his consent was not mere acquiescence to Government authority. Johnson voluntarily signed and acknowledged his consent of the search of his truck. Gov't Ex. A. He was not physically restrained, threatened, punished, intimidated, or promised anything for his consent. Under the case law in this Circuit, although Johnson may have been detained, under the totality of the circumstances he was still capable of voluntarily consenting to the search of his GMC truck and to the seizure of any items deemed necessary to the investigation by the agents. Therefore, the motion to suppress evidence obtained during the search should be denied.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to suppress search and seizure of items in GMC truck (ECF No. 16) be **DENIED**.

2. Defendant's motion to suppress evidence seized pursuant to search warrants (ECF No. 17) be **DENIED**.

DATED: December 23, 2016                           *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 6, 2017**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 6, 2017** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.