UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 16-cr-0193 (WMW/BRT) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Ronald David Johnson, | |
| Defendant. | |

This matter is before the Court on Defendant Ronald David Johnson's motion to appoint counsel and his motion for a hearing to address his motion for a new trial. (Dkts. 242, 245.) The Court also supplements its February 25, 2019 Order denying Johnson's motion for a new trial. (Dkts. 219, 244.) For the reasons addressed below, Johnson's motions are denied.

Johnson was convicted of wire fraud and money laundering in June 2017 and sentenced in November 2017. Johnson appealed his convictions and sentence, and that appeal is pending before the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit granted Johnson's trial counsel's motion to withdraw on April 5, 2018, and appointed a new attorney to represent Johnson in the appeal of his convictions and sentence. Nonetheless, Johnson continues to file pro se motions in this Court, including the pending motion to appoint counsel.

Johnson's "right to appointed counsel extends to [his] first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Johnson is represented by

counsel in his pending direct appeal to the Eighth Circuit. Moreover, Johnson's case in this Court is closed and his substantive post-trial motions have been resolved. And, as addressed in this Court's February 25, 2019 Order, this Court lacks jurisdiction over those aspects of this case that have been appealed.

Johnson contends, however, that he is entitled to both a hearing and the appointment of counsel with respect to his motion for a new trial. But "a motion for [a] new trial based on newly discovered evidence may be decided on affidavits without a hearing." *United States v. Dogskin*, 265 F.3d 682, 687 (8th Cir. 2001). And "a post-conviction, *post*-appeal Rule 33 motion [for a new trial] is considered a collateral challenge to which the Sixth Amendment right to counsel does not attach." *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004) (collecting cases); *accord United States v. McElrath*, No. 03-235, 2010 WL 5173603, at *2 (D. Minn. Dec. 14, 2010) (denying motions for an evidentiary hearing and appointment of counsel with respect to defendant's post-conviction, post-appeal Rule 33 motions for a new trial); *see also Finley*, 481 U.S. at 555 (observing that prisoners do not have a constitutional right to counsel when collaterally challenging a conviction). For these reasons, Johnson is entitled to neither a hearing nor the appointment of counsel with respect to his motion for a new trial.

The Court supplements its February 25, 2019 Order, however, with respect to its denial of Johnson's motion for a new trial. Although styled as a motion for a new trial based on "newly discovered evidence," much of Johnson's motion is devoted to arguments that do not pertain to newly discovered evidence. These arguments include disputing the credibility and sufficiency of the evidence presented against Johnson at trial and alleging

2

prosecutorial misconduct.[1]  This Court lacks jurisdiction over those aspects of Johnson's motion that are based on arguments unrelated to newly discovered evidence, and this Court lacks jurisdiction to *grant* a motion for a new trial based on newly discovered evidence absent a remand from the Eighth Circuit.  *See* Fed. R. Crim. P. 33(b).  To the extent that Johnson's motion is based on newly discovered evidence, however, this Court retains limited jurisdiction either to *deny* Johnson's motion on its merits or to certify to the Eighth Circuit this Court's intention to grant the motion.  *See United States v. Coplen*, 533 F.3d 929, 930 n.2 (8th Cir. 2008).  For the reasons addressed below, the Court supplements its February 25, 2019 Order and denies Johnson's motion for a new trial on the merits to the extent that the motion purports to be based on newly discovered evidence.

To receive a new trial based on newly discovered evidence, Johnson must show that (1) the evidence was unknown or unavailable at the time of trial, (2) Johnson was duly diligent in attempting to uncover the evidence, (3) the newly discovered evidence is material, and (4) the newly discovered evidence likely will result in an acquittal after a new trial.  *United States v. Meeks*, 742 F.3d 838, 840 (8th Cir. 2014).  Newly discovered evidence is not material if it would serve only to impeach testimony presented at trial.  *Id.* at 841.  And a defendant "is not entitled to a new trial unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred."  *Id.* at 840 (internal quotation marks omitted).

---

[1]  For example, Johnson relies on transcript excerpts from his trial and sentencing hearing and other documents filed in this case both before and after his trial.  These documents clearly are not newly discovered evidence, nor do they suggest the existence of any newly discovered evidence.

3

Johnson primarily relies on facts and evidence that existed before his trial but that were not presented to the jury to his satisfaction. Johnson's dissatisfaction, however, does not establish that this evidence was unknown, unavailable, or material. Johnson relies in part on the post-trial affidavits of four shareholders of Indoor RV Parks, LLC, including himself. There is no basis in the record to conclude that any of these individuals were unknown or unavailable to Johnson at the time of his trial, or that these individuals would testify as to any material fact that was unknown or unavailable at the time of trial.[2] Johnson also relies on other documents that existed before his trial commenced, including the governance documents of Indoor RV Parks and court filings from other cases. But none of this evidence reflects a material fact that was unknown or unavailable at the time of Johnson's trial.

Several documents attached to Johnson's motion clearly did *not* exist at the time of his trial. These documents include a police report, court documents from other cases, a tax statement, a letter from a law firm that formerly represented Indoor RV Parks, and a newspaper article, all dated after Johnson's conviction. But nothing in these documents reflects a *material* fact that was unknown or unavailable before Johnson's trial, let alone a fact that likely would result in an acquittal if Johnson received a new trial.

---

[2] One of these affidavits is signed by a witness who testified at Johnson's trial. Although this affidavit expresses disagreement with Johnson's conviction, nothing in the affidavit suggests that this witness would recant any material testimony he gave at trial or that any such recantation would probably produce an acquittal if Johnson were granted a new trial. *See Dogskin*, 265 F.3d at 685 (stating that "recanted testimony that bears on a victim's credibility or directly on the defendant's guilt will warrant a new trial if it would probably produce an acquittal on retrial").

For these reasons, to the extent that Johnson's motion for a new trial is based on purportedly newly discovered evidence, the motion is denied on the merits. In all other respects, Johnson's motion for a new trial is denied for lack of subject-matter jurisdiction as addressed in the Court's February 25, 2019 Order.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court's February 25, 2019 Order, (Dkt. 244), is **SUPPLEMENTED**, and Defendant Ronald David Johnson's motion for a new trial, (Dkt. 219), is **DENIED**, for the reasons addressed herein.

2. Defendant Ronald David Johnson's motion to appoint counsel, (Dkt. 242), is **DENIED**.

3. Defendant Ronald David Johnson's motion for a hearing, (Dkt. 245), is **DENIED**.

Dated: March 5, 2019                            s/Wilhelmina M. Wright
                                                                                          Wilhelmina M. Wright
                                                                                          United States District Judge