UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Ronald David Johnson,

Defendant.

Case No. 16-cr-0193 (WMW/BRT)

**ORDER**

This matter is before the Court on Defendant Ronald David Johnson's pro se motion to correct alleged errors in the presentence investigation report (PSR) that was issued before the Court sentenced Johnson in November 2017. (Dkt. 253.) Johnson argues that "Rule 32(C)(3)(D)" of the Federal Rules of Criminal Procedure requires the Court to correct allegedly "erroneous information" in the PSR.

Johnson appears to rely on Federal Rule of Criminal Procedure 32(i)(3)(B), the substance of which previously was codified as Federal Rule of Criminal Procedure 32(c)(3)(D). Pursuant to Rule 32(i)(3)(B), a sentencing court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B). Objections to a presentence investigation report must be filed within 14 days after the defendant received it. Fed. R. Crim. P. 32(f)(1). Facts in the presentence investigation report are deemed admitted if no objections to the facts are made. *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005). A "district court has no obligation to consider an objection to the

presentence report that is untimely." *United States v. May*, 413 F.3d 841, 849 (8th Cir. 2005); *accord United States v. Lindsey*, 827 F.3d 733, 738 (8th Cir. 2016) (recognizing that "an untimely objection to a fact in the presentence report does not change the fact's undisputed status, and the district court may adopt the fact without requiring any additional evidence" (internal quotation marks omitted)).

Johnson argues that there are "falsehoods" in the PSR that "were detrimental to [Johnson] at sentencing" because they affected "his ultimate sentence," which he contends should be vacated. Johnson also asserts that the alleged errors in the PSR continue to be detrimental to him because they affect his "Custody Classification" at the Bureau of Prisons. To the extent that Johnson seeks to raise objections to the PSR with respect to the imposition of his sentence, Johnson's motion is denied as untimely. *See Lindsey*, 827 F.3d at 738; *May*, 413 F.3d at 849. Moreover, to the extent that Johnson intends to challenge the *execution* of his sentence rather than its imposition, he should do so in a properly filed habeas corpus petition under 28 U.S.C. § 2241. *See, e.g.*, *United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983).

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ronald David Johnson's motion to correct the presentence investigation report, (Dkt. 253), is **DENIED**.

Dated: April 2, 2019
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge