UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-cr-0193 (WMW/BRT) |
| Plaintiff, | **ORDER** |
| v. | |
| Ronald David Johnson, | |
| Defendant. | |

This matter is before the Court on several *pro se* motions filed by Defendant Ronald David Johnson. (Dkts. 255, 256, 257, 259, 261, 262.) For the reasons addressed below, Johnson's motions are denied.

## BACKGROUND

A jury found Johnson guilty of ten counts of fraud on June 19, 2017, and the Court sentenced Johnson to 126 months' imprisonment on November 20, 2017. Johnson appealed his convictions and sentence and, thereafter, separately appealed this Court's rulings on several of his *pro se* postconviction motions.[1] Johnson's appeals are pending before the United States Court of Appeals for the Eighth Circuit. Johnson now seeks immediate release to home confinement, reconsideration of the Court's denial of his motion to correct the presentence investigation report, an accounting of assets forfeited to and sold by Plaintiff United States of America, a stay of forfeiture proceedings, and the return of personal property seized from Johnson by law enforcement officers.

---

[1] The factual and procedural details of Johnson's prior *pro se* postconviction motions are addressed in this Court's prior orders and need not be repeated here.

**ANALYSIS**

**I.     Johnson's Motions for Immediate Release to Home Confinement**

Johnson seeks immediate release to home confinement to serve his sentence pursuant to the First Step Act of 2018 (FSA), 132 Stat. 5194–249 (2018). Johnson argues that he qualifies for home confinement under the FSA based on his status as a low-risk, non-violent, first-time offender. The United States opposes Johnson's motion, arguing that the Federal Bureau of Prisons (BOP) has exclusive authority to designate Johnson's place of confinement.

Congress has given the BOP the statutory authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). This authority includes the authority to make prerelease custody decisions, such as placement in home confinement. *See* 18 U.S.C. § 3624(c); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004). As relevant here, Section 602 of the FSA amended Section 3624(c)(2) to include a home-confinement provision for low-risk prisoners:

> **Home confinement authority.**—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. *The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.*

18 U.S.C. § 3624(c)(2) (emphasis added); 132 Stat. 5238. Johnson relies on this statutory language to support his motion for immediate release to home confinement.

"Congress has given the Attorney General of the United States the exclusive authority to designate the place of confinement for the service of a federal sentence."

*United States v. Johnson*, 563 F.2d 362, 364 (8th Cir. 1977); *accord Tapia v. United States*, 564 U.S. 319, 331 (2011) (observing that district court may "*recommend* that the BOP place an offender in a particular facility or program," but "decisionmaking authority rests with the BOP"). As such, courts in this District and elsewhere consistently have denied motions seeking immediate release to home confinement under the FSA, holding that the Attorney General and the BOP have the discretion and exclusive authority to designate the place of an inmate's confinement. *See, e.g.*, *Hansen v. Rios*, No. 19-cv-374, 2019 WL 4305718, at *3 (D. Minn. Sept. 11, 2019); *Schlegel v. Rios*, No. 19-cv-338, 2019 WL 3417053, at *4 (D. Minn. June 18, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3412207 (D. Minn. July 29, 2019). This Court has no authority to grant the relief Johnson seeks.[2]

For these reasons, Johnson's motions for immediate release to home confinement are denied.

## II. Johnson's Motion for Reconsideration

Johnson next moves for reconsideration of the Court's April 2, 2019 Order, which denied Johnson's motion to correct the presentence investigation report.

As the Court previously instructed Johnson, a party is not permitted to file a motion to reconsider without first obtaining the district court's permission based on a

---

[2] Moreover, the BOP's discretionary decisions with respect to a prisoner's place of confinement generally are not subject to judicial review. *See* 18 U.S.C. § 3625; *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998). It is true that a "prisoner may bring a habeas action challenging the BOP's execution of his sentence," but only *after* the prisoner first presents a claim to the BOP and exhausts administrative remedies. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Johnson has neither brought a habeas action nor demonstrated that he has exhausted administrative remedies.

showing of "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

As Johnson did not request permission to file this motion to reconsider, the Court liberally construes Johnson's *pro se* motion as a request for permission to file a motion to reconsider. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (providing that *pro se* filings should be construed liberally). But even when construed liberally, Johnson's motion merely advances arguments that are the same or substantially similar to the arguments that the Court rejected when denying Johnson's initial motion to correct the presentence investigation report. In short, because Johnson has not demonstrated that "compelling circumstances" warrant a motion to reconsider, Johnson's motion to reconsider is denied.

### III. Johnson's Motions for an Accounting of Assets and to Stay Forfeiture

Johnson also seeks an accounting of assets forfeited to and sold by the United States and a stay of forfeiture proceedings. These motions persist in challenging aspects of the forfeiture proceedings that occurred in this case, seemingly both on behalf of Johnson and on behalf of certain corporate entities. To the extent that Johnson's motions continue to address the merits of any forfeiture issues and the Court's prior denials of his

4

motions to stay forfeiture proceedings, this Court lacks jurisdiction over those issues in light of Johnson's pending appeals. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998). Because Johnson appealed this Court's forfeiture-related decisions, this Court lacks jurisdiction to consider the merits of Johnson's motions with respect to any forfeiture issue that has been appealed. And as this Court has observed in this case repeatedly, a *pro se* party such as Johnson may not represent the interests of a corporate entity. *See, e.g.*, *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001). Moreover, Johnson has cited no legal authority that entitles him to an accounting of assets that have been forfeited to the United States, and the Court's research has identified none.

For these reasons, Johnson's motions for an accounting of sold assets and a stay of forfeiture proceedings are denied.

### IV.    Johnson's Motion for the Return of Property

Johnson also seeks the return of property that law enforcement officers seized from him in 2016. The Court ruled on Johnson's prior motions for the return of seized property in a February 25, 2019 Order, which Johnson appealed. (*See* Dkts. 244, 246.) As addressed above, this Court lacks jurisdiction to consider the merits of any issue that has been appealed and remains pending with the Eighth Circuit. *See Griggs*, 459 U.S. at 58; *Gundacker*, 151 F.3d at 848.

Accordingly, Johnson's motion for the return of property is denied.

**ORDER**

Based on the foregoing analysis and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Ronald David Johnson's motions for immediate release to home confinement, (Dkts. 255, 261), are **DENIED**.

2. Defendant Ronald David Johnson's motion for reconsideration, (Dkt. 256), is **DENIED**.

3. Defendant Ronald David Johnson's motions for an accounting of sold assets and a stay of forfeiture proceedings, (Dkts. 257, 262), are **DENIED**.

4. Defendant Ronald David Johnson's motion for the return of property, (Dkt. 259), is **DENIED**.

Dated: November 22, 2019            s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge