UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Case No. 16-cr-0193 (WMW/BRT)

Plaintiff,

**ORDER**

v.

Ronald David Johnson,

Defendant.

---

This matter is before the Court on Defendant Ronald David Johnson's motion seeking reconsideration of this Court's October 30, 2020 Order, which denied Johnson's motion for compassionate release.  (Dkt. 295.)   Johnson's motion also requests the appointment of counsel, thereby implicitly seeking reconsideration of the Court's November 3, 2020 Order, which denied Johnson's previous motion to appoint counsel. Plaintiff United States of America opposes Johnson's motion.

As the Court has previously instructed Johnson, a party is not permitted to file a motion to reconsider without first obtaining the district court's permission based on a showing of "compelling circumstances."  LR 7.1(j).[1]  "Motions for reconsideration serve a

---

[1]     Local Rule 7.1(j) appears in a section of the Local Rules applicable to "Civil Motion Practice," but Courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases.  *See, e.g.*, *United States v. Benjamin*, No. 11-cr-0294, 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017).  Although motions for reconsideration also are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).  The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

Although Johnson did not request or receive permission to file his motion to reconsider, the Court liberally construes Johnson's *pro se* motion as a request for permission to file a motion to reconsider.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (providing that *pro se* filings should be construed liberally).  But even when construed liberally, Johnson's motion largely advances arguments that are the same or substantially similar to the arguments that the Court rejected when denying Johnson's initial motions for compassionate release and appointment of counsel.  He has neither identified a manifest error of law or fact in the Court's October 30, 2020 Order, nor presented newly discovered evidence.

The only new information presented in Johnson's motion for reconsideration pertains to changes in the circumstances at the Federal Prison Camp in Duluth, Minnesota (FPC Duluth).[2]  It is undisputed that a recent increase in COVID-19 infections has occurred

---

[2]       Both before and after Johnson filed his pending motion to reconsider, Johnson's wife has emailed the Court repeatedly to express her disagreement with the Court's October 30, 2020 Order and her concerns about the conditions at FPC Duluth.  Because Johnson's wife is neither an attorney nor a party to this case, her communications to the Court are not part of the record and will not be filed on ECF.  Although the Court does not question the

at FPC Duluth.  In opposing Johnson's motion for reconsideration, the United States relies on the November 19, 2020 sworn declaration of Bryna Ekroot, the Health Services Administrator at FPC Duluth.  According to Ekroot's declaration, as of November 16, 2020, FPC Duluth had 45 inmates in isolation and 58 inmates who had recovered, 8 active cases of COVID-19 among prison staff and 3 staff members who had recovered, and zero COVID-19 deaths.

As this Court observed in its October 30, 2020 Order, courts in this District have denied motions for compassionate release when the evidence demonstrates that the BOP facility at issue has instituted COVID-19 policies to keep prisoners reasonably safe, the BOP facility has been successful at preventing the spread of the virus, and the defendant's ability to provide self-care is not substantially diminished.  *See, e.g.*, *United States v. McKee*, No. 18-219 (PAM), 2020 WL 5269969, at *2 (D. Minn. Sept. 4, 2020) (denying motion for compassionate release despite defendant's serious medical conditions, including obesity, when 84 inmates had tested positive for COVID-19 and three had died, but the BOP facility had implemented COVID-19 policies such that "cases appear to be remaining stable or improving").  An increase in COVID-19 infections at a particular facility does not necessarily warrant granting a compassionate-release motion filed by any inmate at that facility.  *See, e.g.*, *United States v. Bowman*, No. 08-CR-10086, 2020 WL 5569584, at *2 (C.D. Ill. Sept. 17, 2020) (observing that the "mere presence of COVID-19 in a particular prison cannot justify compassionate release" because "if it could, every

---

seriousness or the sincerity of Johnson's family's concerns, these arguments are neither properly before the Court nor material to the Court's analysis.

3

inmate in that prison could obtain release" (internal quotation marks omitted)).  Instead, to establish the extraordinary and compelling reasons required for compassionate release based on COVID-19, the overall circumstances should demonstrate *both* the inmate's particularized susceptibility to COVID-19 *and* a particularized risk of contracting COVID-19 at the inmate's prison facility.  *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020).   As the Court concluded in its October 30, 2020 Order, Johnson has demonstrated neither circumstance.  The subsequent developments at FPC Duluth do not warrant a different conclusion now.

On November 30, 2020, the BOP reported that FPC Duluth had 88 active cases of COVID-19 among inmates compared with 102 inmates who had recovered, and 3 active cases of COVID-19 among prison staff compared with 15 staff members who had recovered.  *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (visited Nov. 30, 2020).   Currently, the BOP reports that FPC Duluth has 1 active case of COVID-19 among inmates compared with 202 inmates who have recovered, and 1 active case of COVID-19 among prison staff compared with 18 staff members who have recovered.  *See id.* (last visited Dec. 18, 2020).  FPC Duluth has not experienced a death among inmates or staff attributable to COVID-19.  *Id.*  According to Ekroot's declaration, no inmate at FPC Duluth has required hospitalization as a result of COVID-19.  Ekroot's declaration also describes in detail the testing, isolation, sanitization, and social-distancing strategies implemented at FPC Duluth, including mitigation efforts implemented following the recent increase in COVID-19 cases at the facility.  These facts demonstrate that FPC Duluth has instituted COVID-19 policies to keep prisoners reasonably safe and has been

reasonably successful at managing and mitigating the spread of the virus such that Johnson's ability to provide self-care is not substantially diminished.

For these reasons, Johnson has not demonstrated that compelling circumstances warrant reconsideration of the Court's October 30, 2020 Order. Nor has he established that the Court erred by denying his motion to appoint counsel. Accordingly, Johnson's motion to reconsider is denied.

## ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Ronald David Johnson's motion for reconsideration, (Dkt. 295), is **DENIED**.

Dated:  December 18, 2020                                    s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge