UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 16-cr-0193 (WMW/BRT) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Ronald David Johnson, | |
| Defendant. | |

---

This Court denied Defendant Ronald David Johnson's motion for compassionate release on October 30, 2020, in a 14-page written order. The Court denied Johnson's motion for reconsideration of that order on December 18, 2020, in a 5-page written order. Thereafter, Johnson sought permission to file a second motion for reconsideration, which the Court denied in a January 14, 2021 text-only order.

Without first receiving permission from the Court as required, *see* LR 7.1(j), Johnson filed a second motion for reconsideration on January 14, 2021. One week later, on January 21, 2021, Johnson filed a document titled "Supplemental Motion in Support of Compassionate Release / Sentence Reduction," in which he again seeks reconsideration, despite having been denied permission to do so. Both motions are now pending before the Court.

As the Court repeatedly has reminded Johnson, a party is not permitted to file a motion to reconsider without first obtaining the district court's permission based on a

showing of "compelling circumstances." LR 7.1(j).[1] "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

Although Johnson did not request or receive permission to file his two pending motions to reconsider, the Court liberally construes Johnson's *pro se* motions as requests for permission to file a motion to reconsider. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (providing that *pro se* filings should be construed liberally). But even when construed liberally, Johnson's pending motions continue to advance arguments that are the same or substantially similar to the arguments that the Court previously rejected. Johnson has neither identified a manifest error of law or fact in the Court's prior orders nor presented newly discovered evidence that would warrant a different result. Accordingly, Johnson's motions are denied.

---

[1] Local Rule 7.1(j) appears in a section of the Local Rules applicable to "Civil Motion Practice," but Courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases. *See, e.g.*, *United States v. Benjamin*, No. 11-cr-0294 (RHK), 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017). Although motions for reconsideration also are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

**ORDER**

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Ronald David Johnson's motions for reconsideration, (Dkts. 311, 312), are **DENIED**.

Dated: February 8, 2021                               s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge