UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 16-cr-0193 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Ronald David Johnson, | |
| Defendant. | |

---

This matter is before the Court on Defendant Ronald David Johnson's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 323.) Plaintiff United States of America opposes the motion. For the reasons addressed below, the motion is denied.

## BACKGROUND

A United States Grand Jury charged Johnson by indictment with multiple fraud offenses in July 2016, and Johnson subsequently retained attorney Aaron J. Morrison to represent him. In a May 2017 superseding indictment, the United States Grand Jury charged Johnson with nine counts of wire fraud and one count of money laundering.

At a June 8, 2017 change-of-plea hearing, Johnson represented that he wished to plead guilty to the ten counts charged in the superseding indictment. The Court followed its standard practice by advising Johnson of his rights and questioning Johnson under oath to determine whether Johnson had knowingly, intelligently, and voluntarily reached the decision to plead guilty. Johnson acknowledged under oath, among other things, that

he understood his rights, the nature of the charges against him and the potential punishment he could face if convicted of those charges. Johnson also stated under oath that he had told Morrison everything that he wanted his counsel to know about the case and that he was fully satisfied with Morrison's legal services. But Johnson declined to admit to the factual basis for the charged offenses. After privately conferring with Johnson, Morrison explained:

> After discussing with Mr. Johnson the facts that he would have to admit, he isn't prepared to admit those facts that I believe would create a basis for you accepting his guilty plea today.

As such, Johnson exercised his right proceed with a jury trial, which commenced the following week on June 13, 2017.

On the fourth day of trial, Johnson again represented to the Court that he wished to plead guilty to the charged offenses. The Court again advised Johnson of his rights and Johnson confirmed, under oath, that he understood his rights, the nature of the charges against him, and the potential punishment he could face if convicted of those charges. In particular, Johnson unequivocally confirmed under oath that he understood that he could plead guilty only if he believes that he is guilty of the charged offenses and admits to the factual basis for the charged offenses. But Johnson again declined to admit to the factual basis as to each element of the charged offenses. The Court subsequently retrieved the jury and proceeded with the trial.

On June 19, 2017, the jury found Johnson guilty of the ten counts charged in the superseding indictment. The Court sentenced Johnson in November 2017 to a guidelines

2

sentence of 126 months' imprisonment. The United States Court of Appeals for the Eighth Circuit affirmed Johnson's convictions and sentence in April 2020. *United States v. Johnson*, 956 F.3d 510 (8th Cir. 2020).

On April 23, 2021, Johnson filed the pending motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. Johnson argues that Morrison provided ineffective assistance of counsel by failing to adequately negotiate a plea agreement or advise Johnson about the advantages of pleading guilty, failing to investigate or present a credible defense at trial, and failing to investigate or present mitigating evidence at sentencing. The United States opposes Johnson's motion.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). It is the defendant's burden to establish that Section 2255 relief is warranted. *See Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

### I.  Ineffective Assistance of Counsel

Johnson argues that his defense attorney provided ineffective assistance. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defen[se]." U.S. Const. amend. VI. A criminal defendant is constitutionally entitled

3

to the *effective* assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 395 (1985). A claim of ineffective assistance of counsel may be brought in a collateral proceeding under Section 2255 even if the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690. Johnson contends that Morrison provided ineffective assistance by failing to adequately negotiate a plea agreement or advise Johnson about the advantages of pleading guilty, failing to present a credible defense or call defense witnesses that Johnson suggested, and failing to investigate or present mitigating evidence at sentencing. The Court addresses each argument in turn.

   A.   **Plea Negotiations and Advice**

Johnson argues that Morrison failed to tell the prosecutors that Johnson would consider pleading guilty or otherwise attempt to negotiate a favorable plea agreement. Johnson also contends that Morrison did not adequately advise Johnson about "his

4

limited options and the extent of his potential legal peril," including Johnson's "potential sentencing exposure" if convicted. The record belies Johnson's arguments.

"A defendant who maintains his innocence at all stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003). When a defendant rejects a plea offer and later alleges ineffective assistance in a Section 2255 motion, the defendant must show that, but for the ineffective advice of counsel, there is a "reasonable probability" that the defendant would have accepted the plea offer and that "the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Johnson twice attempted to plead guilty—once before trial and once during trial. In both instances, the Court advised Johnson of the rights he would give up if he pleaded guilty, the nature of the charges against him, and the potential punishment Johnson could face if convicted of those charges. Johnson acknowledged under oath that he understood all of these advantages and disadvantages of pleading guilty. Johnson also attested under oath that he had told Morrison everything that he wanted his counsel to know about the case and that he was fully satisfied with Morrison's legal services. But in both instances,

Johnson declined to admit to the factual basis for the charged offenses, and instead he maintained his innocence.[1]

Indeed, Johnson persisted in maintaining his innocence *after* trial, including in his December 10, 2018 motion for a new trial and in his pending Section 2255 motion. Johnson asserts in his Section 2255 motion that he should have been advised to plead guilty "even if he believed himself to be innocent." And in an affidavit submitted in support of his Section 2255 motion, Johnson attests that he was pressured to plead guilty before trial but nonetheless refused to plead guilty and told Morrison "I am not guilty" and "I didn't do what the government says I did." Moreover, Johnson relies on affidavits from his wife and one of his former business partners, who similarly suggest that Johnson is innocent. Thus, Johnson steadfastly continues to maintain his innocence, does not identify any specific error in Morrison's advice about the advantages and disadvantages of pleading guilty, and concedes that Morrison advised Johnson to plead guilty. Johnson has not credibly established *any* likelihood that he would have pleaded guilty had he

---

[1] A defendant may, in some instances, plead "nolo contendere." *See* Fed. R. Crim. P. 11(a)(1). To the extent Johnson argues that, but for Morrison's allegedly ineffective assistance, Johnson would have pleaded "nolo contendere," this argument is unavailing. A nolo contendere plea "is tantamount to an admission of guilt for all purposes of the case." *United States v. Jones*, 479 F.3d 975, 977 (8th Cir. 2007) (quoting *Lott v. United Sates*, 367 U.S. 421, 426 (1961)). In addition, the United States must consent to a nolo contendere plea, and the Court must accept it. *See* Fed. R. Crim. P. 11(a)(3), (b); *Dones-Vargas v. United States*, No. 4:20-CV-04124-KES, 2021 WL 5547701, at *8–9 (D.S.D. Aug. 20, 2021); *Glassgow v. United States*, No. 4:13-cv-00124 – JEG, 2014 WL 12942763, at *3–4 (S.D. Iowa Oct. 7, 2014). Nothing in the record demonstrates that Johnson would have sought a nolo contendere plea, that the United States would have consented to such a plea, or that the Court would have accepted such a plea. Moreover, Johnson has not established that his resulting convictions or sentence would have been more favorable to him had he pleaded nolo contendere.

received different advice from Morrison. Nor has Johnson established that a more favorable plea agreement would have been offered to him or that his resulting convictions or sentence would have been more favorable to him had he pleaded guilty.

For these reasons, to the extent that Johnson contends that Morrison provided ineffective assistance by failing to adequately negotiate a plea agreement or advise Johnson about the advantages of pleading guilty, Johnson's motion is denied.

### B.     Defense at Trial

Johnson next argues that Morrison provided ineffective assistance by failing to investigate or present a credible defense at trial.

Defense counsel must "make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation." *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991) (citing *Strickland*, 466 U.S. at 691). As such, "counsel must exercise reasonable diligence to produce exculpatory evidence and strategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Id.*  To establish that counsel provided ineffective assistance by failing to adequately investigate a witness, however, a defendant typically must demonstrate that the witness would have provided useful information. *See Sanders v. Trickey*, 875 F.2d 205, 209–10 (8th Cir. 1989) (concluding that counsel's failure "to interview a witness she had little reason to believe would be useful or helpful" did not demonstrate ineffective assistance of counsel). A defendant "need not show that he more likely than not would have been found innocent had his counsel performed

7

adequately," but a defendant "must demonstrate at least a reasonable probability" that the outcome would have been different. *Lawrence v. Armontrout*, 31 F.3d 662, 666 (8th Cir. 1994). "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* (quoting *Strickland*, 466 U.S. at 695).

Johnson first argues that Morrison failed to investigate or obtain expert witnesses. In particular, Johnson asserts that Morrison should have "obtain[ed] a financial expert to unravel [Johnson's] complex, although well-documented business plan." But Johnson does not explain the nature of the expert testimony that should have been presented at trial, let alone how that testimony would have been helpful to his defense. Because Johnson fails to demonstrate a reasonable probability that a financial expert's testimony would have resulted in a different outcome, Johnson cannot establish that Morrison's decision not to retain a financial expert prejudiced Johnson. *See id*; *see also Ashker v. Class*, 152 F.3d 863, 876 (8th Cir. 1998). Thus, Johnson is not entitled to Section 2255 relief on this basis.

Johnson also argues that other "potential witnesses" could have been called at trial. Johnson vaguely asserts that these potential defense witnesses "could have effectively rebutted the government's theory of the case," but neither offers specific details about this evidence nor identifies any potential witnesses by name. He does not describe what those potential witnesses' testimony would be or how their testimony would have been helpful to his defense. To establish ineffective assistance, a defendant

must offer more than "speculation that he was prejudiced" by defense counsel's failure to obtain a witness's trial testimony. *Sanders*, 875 F.2d at 210 (rejecting defendant's argument that he was prejudiced by counsel's failure to investigate potential witness when defendant "offered nothing more than speculation that [the witness] might somehow have testified and provided . . . reasonable doubt"). Johnson's vague and speculative arguments about possible rebuttal witnesses do not establish the requisite prejudice under *Strickland*.

In support of his Section 2255 motion, Johnson filed affidavits from his wife and his former business partner, suggesting that these individuals would have testified in his favor at trial. But for Johnson to prevail on his ineffective-assistance claim, the contents of these witnesses' affidavits must establish a reasonable probability that, had these individuals testified at trial, the outcome would have been different. *See Lawrence*, 31 F.3d at 666.

Johnson's wife's affidavit describes the testimony she would have provided at trial. Much of her proffered testimony does not pertain to the elements of the offenses of which Johnson was convicted, however. For instance, she attests that she would have testified about the search of her home and Johnson's employment background and business experience. Other aspects of her purported testimony would have been inadmissible at trial because they involve hearsay or lack proper foundation. To the extent that Johnson's wife's proffered testimony would have been relevant and admissible, there is not a reasonable probability that the testimony would have resulted in

a different outcome. The evidence at trial established that Johnson solicited more than $2 million from investors to build an indoor RV park. Instead of using investors' money to purchase land or build the RV park, however, Johnson used investors' money for personal expenses while lying to the investors about his conduct. The testimony proffered by Johnson's wife does not materially undermine the substantial evidence of Johnson's guilt. She generally vouches for the legitimacy of Johnson's purported business venture and vaguely disputes some of Johnson's personal use of investors' money. But her testimony, even if true, would not establish that Johnson used investors' money for legitimate purposes, such as to purchase land or build an RV park. Nor would her testimony refute, with any particularity, the government's substantial evidence that Johnson lied to investors and spent their money for personal use. For these reasons, Johnson has not demonstrated a reasonable probability that, had his wife testified at trial, the outcome would have been different. *See id.*

In a separate affidavit, Johnson's former business partner vaguely describes his contributions to the RV park project and his disagreement with the government's decision to prosecute Johnson. But nothing in this witness's affidavit addresses the elements of the offenses of conviction or materially undermines the evidence of Johnson's guilt. Johnson, therefore, has not demonstrated a reasonable probability that, had his former business partner testified at trial, the outcome would have been different. *See id.*

Johnson also argues that Morrison did not sufficiently object to the government's evidence and offered no rebuttal evidence. But Johnson does not identify any specific

objection to the government's evidence that should have been made, or any specific rebuttal evidence that Morrison should have offered.[2] Nor has Johnson established a reasonable probability that the outcome of his trial would have been different if these unspecified objections or exhibits had been presented at trial. Johnson's vague, speculative arguments are insufficient to establish the requisite prejudice under the *Strickland* standard. *See Sanders*, 875 F.2d at 210. As such, these arguments are unavailing.

Johnson next argues that Morrison did not effectively cross-examine the government's witnesses. The record belies this argument. Morrison cross-examined nearly all of the government's witnesses, and Johnson does not identify any particular deficiency in Morrison's cross-examination of those witnesses. Johnson must do more than offer vague speculation that a different line of questioning on cross-examination would have led to favorable testimony. *See Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013). As he has not done so, this argument also is unavailing.

Finally, Johnson argues that Morrison articulated no theory of defense. This argument also is contrary to the record. Morrison argued to the jury that Johnson acted in good faith to pursue a legitimate but unsuccessful RV park business venture, and the final jury instructions reflected this theory of defense:

---

[2] Together with his Section 2255 motion, Johnson filed thirteen pages of documents that include what appear to be business and tax records, emails and letter correspondences. But Johnson fails to lay any foundation for the admissibility of these documents, explain their relevance, or establish how these documents—if they had been admitted as trial exhibits—would have resulted in a different outcome at trial.

> Ronald Johnson answers the charges alleged in the superseding indictment by maintaining that he never intentionally devised or made up a scheme to defraud anyone involved with Indoor RV Parks.

Notably, this theory of defense is precisely the argument Johnson has consistently advanced in support of his innocence. Johnson's assertion that Morrison articulated no theory of defense at trial lacks merit.

In summary, Johnson has not demonstrated that Morrison provided ineffective assistance by failing to present a credible defense at trial, and this aspect of his motion is denied.

### C.     Sentencing

Johnson also argues that Morrison provided ineffective assistance by failing to investigate or present mitigating evidence at sentencing.[3] According to Johnson, Morrison failed to object to incorrect statements in the Presentence Investigation Report, failed to challenge an obstruction-of-justice enhancement, presented inadequate arguments as to the relevant sentencing factors and failed to present mitigating facts about Johnson's physical and mental health.

To establish ineffective assistance based on an alleged failure to present evidence, a defendant must make an "affirmative showing of what the evidence or testimony might have been." *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (affirming

---

[3] Johnson also argues that Morrison failed to correct inaccurate information in the Presentence Investigation Report pertaining to restitution. But "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003).

district court's decision to summarily dismiss ineffective-assistance-of-counsel-claim when the defendant's allegations were "brief, conclusory and fail[ed] to cite to the record" (internal quotation marks omitted)). In addition, counsel's failure to object to a presentence investigation report is not ineffective assistance when the "decision not to object . . . was a well-reasoned, tactical decision." *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Johnson fails to identify any inaccuracies in the Presentence Investigation Report, any evidence or argument that would refute the obstruction-of-justice enhancement that the Court applied to Johnson's offense level, or any mitigating evidence or arguments that would have resulted in a lesser sentence.[4] As such, Johnson has not satisfied his burden to establish that he received ineffective assistance in connection with his sentencing.

Because Johnson has not demonstrated that Morrison provided ineffective assistance by failing to investigate or present mitigating evidence at sentencing, this aspect of Johnson's motion is denied.

## II.     Evidentiary Hearing

A district court may hold an evidentiary hearing on a Section 2255 motion to resolve disputed material facts. *See* 28 U.S.C. § 2255(b). But an evidentiary hearing is not required if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are

---

[4]     Notably, when the Eighth Circuit affirmed Johnson's convictions and sentence, it expressly concluded that Johnson's "sentence is not substantively unreasonable." *Johnson*, 956 F.3d at 518.

13

contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003). Here, for the reasons addressed above, Johnson's allegations are contradicted by the record, inherently incredible, and would not entitle Johnson to relief even if accepted as true. An evidentiary hearing, therefore, is not warranted.

### III.   Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons addressed above, the Court concludes that Johnson has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Ronald David Johnson's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 323), is **DENIED**.

2. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 28, 2022                                          s/Wilhelmina M. Wright
                                                                                     Wilhelmina M. Wright
                                                                                     United States District Judge