UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 16-cr-0193 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Ronald David Johnson, | |
| Defendant. | |

---

This matter is before the Court on Defendant Ronald David Johnson's renewed motion for compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 344.) Johnson requests that the Court reduce his prison sentence to time-served and impose a term of supervised release equal to the unserved portion of his term of imprisonment because of the dangers posed by COVID-19. For the reasons addressed below, Johnson's motion is denied.

## BACKGROUND

A jury found Johnson guilty of ten counts of fraud in June 2017, and this Court sentenced Johnson in November 2017 to 126 months' imprisonment. The United States Court of Appeals for the Eighth Circuit affirmed Johnson's convictions and sentence on April 13, 2020. *United States v. Johnson*, 956 F.3d 510 (8th Cir. 2020). Johnson is incarcerated at the Federal Prison Camp in Duluth, Minnesota (FPC Duluth), and is projected to be released on October 14, 2026.

Johnson previously moved for a sentence reduction, based on risks associated with the COVID-19 pandemic, in July 2020. The Court denied that motion on October 30, 2020. In doing so, the Court concluded that Johnson had not established that extraordinary and compelling reasons warrant his release because he had not shown either a particularized susceptibility to COVID-19 or a particularized risk of contracting COVID-19 at FPC Duluth. The Court subsequently denied Johnson's five requests for reconsideration of that decision. Johnson appealed those decisions, and the Eighth Circuit summarily affirmed.

On January 27, 2022, Johnson filed the pending renewed motion for a sentence reduction. Johnson again argues that, in light of the dangers associated with COVID-19, his health is at high risk because he has been diagnosed with hypertension and high cholesterol and his body mass index (BMI) is above 30. According to Johnson, "COVID infections are at an all time high" at FPC Duluth and "it is impossible to maintain . . . social distancing." He also argues that he should be released because he has a record of good behavior in prison, he does not pose a danger to the community, and he wishes to support his family.

## ANALYSIS

A district court "may not modify a term of imprisonment once it has been imposed" except pursuant to specific statutory exceptions. 18 U.S.C. § 3582(c). The compassionate-release provision of the First Step Act is one such statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). Section 603(b) of the First Step Act amends 18 U.S.C. § 3582 and allows

a defendant to petition a district court directly for compassionate release.  First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).[1]

A district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  A district court also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).  Congress has authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  The Sentencing Commission defines "extraordinary and compelling reasons" to include (1) medical conditions that substantially diminish the ability of the defendant to provide self-care in prison and from which the defendant is not expected to recover, (2) age-related deterioration of physical or mental health, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13, cmt. 1(A)–(D).  The burden rests with Johnson, the defendant, to show that he is entitled to a sentence reduction.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

---

[1]   A defendant may move the district court for a sentence reduction only after first exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  The record reflects that Johnson has satisfied this exhaustion requirement.

###     I.      **Extraordinary and Compelling Reasons**

Johnson contends that his health conditions, together with the COVID-19 pandemic, demonstrate extraordinary and compelling reasons that warrant a reduction in his sentence.

An inmate's medical conditions can, without more, prove sufficiently extraordinary and compelling to justify a sentence modification. *See* U.S.S.G. § 1B1.13 cmt. 1(A) (providing that extraordinary and compelling reasons may exist if the defendant's medical conditions are "serious and advanced . . . with an end of life trajectory" or are serious enough that they "substantially diminish[ ] the ability of the defendant to provide self-care" within the facility and "from which he or she is not expected to recover"). An inmate's serious medical condition "in combination with" additional reasons also may justify a sentence reduction. U.S.S.G. § 1B1.13 cmt. 1(D).

Courts that have considered compassionate-release motions in the context of the COVID-19 pandemic have required an inmate to demonstrate "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting cases); *accord United States v. Reiter*, No. 18-37(2) (ADM), 2020 WL 6136124, at *2 (D. Minn. Oct. 19, 2020) (same). The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

4

Johnson argues that he is particularly susceptible to COVID-19 because he has been diagnosed with hypertension and high cholesterol and his BMI is above 30. Johnson previously presented these arguments in his first motion for a sentence reduction. When rejecting these arguments, the Court observed that Johnson's age and slight obesity are insufficient to demonstrate the extraordinary and compelling reasons necessary to warrant reducing his sentence. And the Court observed that Johnson had provided no evidence to support his contention that his health was at risk due to hypertension or high cholesterol. For these same reasons, Johnson's renewed motion fails to demonstrate that he is particularly susceptible to COVID-19. Johnson has identified no material change in circumstances as to his health conditions. Moreover, Johnson likely is *less* susceptible to COVID-19 now than he was when the Court denied his prior motion in October 2020 because effective vaccines are now available.[2]

Johnson also contends that he has a particularized risk of contracting COVID-19 at FPC Duluth, arguing that "COVID infections are at an all time high" at FPC Duluth and "it is impossible to maintain . . . social distancing," in part because he lives in a dorm-style environment with shared facilities. The BOP has taken numerous measures to prevent COVID-19 outbreaks within its facilities. These measures include limiting social visits, legal visits and inmate facility transfers; requiring enhanced staff health screening and

---

[2]  The record does not indicate whether Johnson has received any of the available COVID-19 vaccines. But the fact that effective vaccines are available not only for Johnson, but also for other inmates and staff at FPC Duluth, weighs against finding that the dangers posed by COVID-19 warrant a reduction in Johnson's sentence.

temperature checks; implementing coronavirus-specific protocols, such as screening new inmates, quarantining asymptomatic inmates with exposure risk factors, and isolating and testing symptomatic inmates with exposure risk factors; and modifying operations to maximize social distancing and minimize group gatherings. *See* BOP, *BOP Modified Operations* (updated Nov. 25, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp; *see also* BOP, *BOP COVID-19 Modified Operations Plan & Matrix*, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 10, 2022).

In addition, the BOP currently reports that 59 staff members and 251 inmates at FPC Duluth are fully vaccinated against COVID-19. *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited May 10, 2022). As the current inmate population at FPC Duluth is 271, more than 90 percent of the inmates at FPC Duluth are fully vaccinated. *See* BOP, *Population Statistics*, https://www.bop.gov/mobile/about/population_statistics.jsp (last visited May 10, 2022). The BOP also currently reports that FPC Duluth has zero inmates and three staff members who are positive for COVID-19. *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited May 10, 2022). These statistics strongly suggest that, contrary to Johnson's arguments, the BOP's safety protocols and vaccination efforts have effectively managed the COVID-19 risks at FPC Duluth.

In summary, because Johnson has shown neither a particularized susceptibility to COVID-19 nor a particularized risk of harm at FPC Duluth, Johnson has not demonstrated

the existence of extraordinary and compelling reasons that would warrant a sentence reduction.

## II.     Section 3553(a) Factors

Johnson argues that the Section 3553(a) factors also support reducing his sentence. When considering a motion for a sentence reduction, a district court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need for the sentence imposed to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a), 3582(c)(1)(A). Even when extraordinary and compelling reasons are presented, the Section 3553(a) factors may preclude granting a sentence reduction if doing so "would undermine the goals of the original sentence." *United States v. Bess*, 455 F. Supp. 3d 53, 66 (W.D.N.Y. 2020) (internal quotation marks omitted); *accord United States v. Crenshaw*, No. 16-CR-0004 (PJS/SER), 2020 WL 6821872, at *2 (D. Minn. Nov. 20, 2020) (finding extraordinary and compelling reasons for a sentence reduction, but nonetheless denying defendant's motion for compassionate release "because his release would be inconsistent with 18 U.S.C. § 3553(a)").

Johnson contends that, because he has an "exemplary record" of behavior during his period of incarceration and has demonstrated efforts to help others at FPC Duluth and pursue opportunities for self-improvement, he is no longer a danger to the community. *See Pepper v. United States*, 562 U.S. 476, 491 (2011) (observing that "postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors"). The Court

commends Johnson for his lack of disciplinary infractions and any steps he is taking to help others and turn his life around. But the Court must balance these efforts against the Court's duty to protect the public, promote respect for the law, and impose a just punishment for Johnson's offenses. Johnson committed serious offenses and, to date, has served less than half of his 126-month sentence. And Johnson has not established that reducing his sentence to a term of supervised release would promote respect for the law, provide adequate deterrence or adequately protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(D). Despite Johnson's positive post-sentencing behavior, granting his motion for a sentence reduction would "undermine the goals of the original sentence." *Bess*, 455 F. Supp. 3d at 66 (internal quotation marks omitted).

Accordingly, the Section 3553(a) factors do not warrant a sentence reduction.

### ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ronald David Johnson's renewed motion for compassionate release from custody, (Dkt. 344), is **DENIED**.

Dated:  May 16, 2022                               s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge